IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 14, 2007

## STATE OF TENNESSEE v. BRANDON D. THOMAS

**Direct Appeal from the Circuit Court for Warren County**
**No. F-10137    Larry B. Stanley, Jr., Judge**

_____

**No. M2007-00440-CCA-R3-CD - Filed March 25, 2008**

_____

The defendant, Brandon D. Thomas, was convicted of one count of resisting arrest, a Class B misdemeanor; and three drug offenses including possession with intent to sell a Schedule II controlled substance (cocaine), a Class B felony; possession with intent to sell a Schedule III controlled substance (dihydrocodeinone), a Class D felony; and simple possession of marijuana, a Class A misdemeanor. He was sentenced to ten years in the Tennessee Department of Correction for the cocaine offense, eleven months and twenty-nine days on each of the other drug offenses and six months for the conviction for resisting arrest, with all the sentences to run concurrently for a total effective sentence of ten years as a Range I, standard offender. On appeal, he argues that the evidence was insufficient to support his cocaine conviction and that he was sentenced improperly. After careful review, we find that the defendant was sentenced improperly but not for the issues on which he appeals. The sentence of eleven months and twenty-nine days for the Class D felony conviction is illegal because the minimum sentence for a Class D felony is two years. We remand to the trial court for entry of a corrected judgment reflecting the minimum sentence and affirm the trial court as to the other raised issues.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part and Remanded for Entry of Corrected Judgment**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Dan Bryant, District Public Defender, for the appellant, Brandon D. Thomas.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth B. Marney, Senior Counsel; and Lisa Zavogiannis, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was arrested when a narcotics investigator with the McMinnville Police Department went to the defendant's apartment to execute a capias. The defendant attempted to escape from the officer but was subdued with mace. When he was arrested, he was in possession

of a bag containing cocaine. Additionally, during the defendant's booking, police discovered marijuana and hydrocodone pills in his pocket. The defendant's neighbor testified for the State regarding the defendant's resistance of the initial arrest.

The defendant testified that the cocaine did not belong to him and that he had no recollection of having the pills and marijuana. He also testified that the police lied when they testified that they found the hydrocodone and marijuana on the defendant.

Analysis

Initially, we note that the defendant's brief is void of citation to any authority to support his arguments. Tennessee Court of Criminal Appeals Rule 10(b) mandates that an issue is waived if the defendant fails to cite authority to support his or her argument. See also State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997). Because the defendant failed to cite to any authority, these issues should be waived. However, in the interest of justice, we will review the issues as presented.

First, the petitioner argues that the evidence was insufficient to support the jury verdict. When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1, 18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State the strongest legitimate view of the evidence contained in the record, as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. Id. In State v. Grace, the Tennessee Supreme Court stated that "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

Specifically, the defendant argues that the proof was insufficient to show he possessed the cocaine with the intent to sell it. Instead, he argues that he should have been convicted of simple possession of cocaine. Tennessee Code Annotated section 39-17-419 permits an inference based on the amount of the controlled substance possessed by an offender, along with other facts surrounding the arrest, that the substance was possessed for the purpose of selling. The defendant was found with 18.8 grams of cocaine, which is considerably more than the 0.5 gram threshold. Additionally, the cocaine was contained in multiple plastic bags. We conclude that the evidence was sufficient to support the jury verdict.

Next, the defendant argues that he was improperly sentenced. Specifically, he argues that a sentence of eight years of probation with some time in the county jail would have been a more appropriate sentence. Again, instead of citing to authority to support his argument, the defendant provides only the bare conclusion that, in his opinion, the sentence is inappropriate. The court sentenced the defendant to ten years in confinement as a Range I, standard offender based on his prior history of criminal convictions, which includes three convictions for evading arrest; multiple violations of prior probations; and convictions for marijuana possession, escape, giving false information to a police, and contributing to the delinquency of a minor. Additionally, he was on probation at the time he was charged for the underlying offenses and had additional charges pending at the time of sentencing. We conclude that the trial court did not err in sentencing the defendant as to the sentencing issue that he has raised on appeal. However, we conclude that the trial court improperly sentenced the defendant to an eleven month and twenty-nine day sentence for his Class D felony conviction. We remand to the trial court for entry of a corrected judgment reflecting the minimum sentence of two years to be served concurrent to the other sentences.

## Conclusion

Based on the foregoing and the record as a whole, we remand to the trial court for entry of a corrected judgment and affirm the trial court as to the other raised issues.

_____
JOHN EVERETT WILLIAMS, JUDGE